OPINION.
{¶ 1} The plaintiff-appellants, Dorothy Ross and her husband, Adam Ross, appeal from the trial court's judgment overruling their motion for a new trial after a jury had found that the defendant-appellee, Tamara Smith, had negligently collided with Dorothy Ross's automobile but had awarded her and her husband only $50 in compensatory damages. In their sole assignment of error, the Rosses contend that the sum of $50 was the product of passion and prejudice and contravened the manifest weight of the evidence. For the following reasons, we affirm.
 {¶ 2} On July 10, 2000, Smith sideswiped the driver's side of the automobile driven by Dorothy Ross. This automobile collision was the third in which Ross had been involved in a year. After police responded to the scene and investigated, Ross went home. She testified that later the same day she felt pain in her neck and shoulders. She went to the emergency room at Good Samaritan Hospital, where x-rays were taken. She was diagnosed as having cervical strain, told to apply ice and heat for twenty-four hours, and prescribed Darvoset. On July 12, 2000, she saw Dr. Kevin M. Gulla, a chiropractor, who had treated Ross for neck, shoulder, and back pain as a result of two earlier automobile collisions that had occurred on May 27, 1999, and July 25, 1999. Dr Gulla's diagnosis was "acute traumatic cervicothoracic strain/sprain and a right shoulder sprain." He treated Ross for two months before releasing her on September 25, 2000, as completely recovered.
 {¶ 3} As a result of the collision at issue, Ross claimed to have incurred medical expenses totaling $3,261, which included $343 in expenses at Good Samaritan Hospital, $2,742 in chiropractic bills, $115 for emergency-room physicians, and $61 for x-rays.
 {¶ 4} Following trial, the jury awarded Ross a total of $50 in compensatory damages. The verdict form, which described itself as general, nonetheless contained a provision for the jury to itemize the elements of its damage award, and this provision showed that the jury had awarded the entire amount of $50 for medical bills and expenses. (During oral argument in this court, counsel theorized that the $50 awarded for medical expenses represented Ross's co-payment for emergency-room services, an amount evident on one of the medical bills submitted for the jury's inspection.)[1] The jury specifically awarded no damages for pain and suffering, loss of enjoyment of life, or inability to perform activities. After the judgment incorporating the jury's general verdict was entered, the Rosses filed a motion for a new trial, contending that the uncontroverted and objective evidence of greater damages necessitated a new trial pursuant to Civ.R. 59(A)(6). As noted, the Rosses have brought this appeal from the trial court's denial of that motion.
 {¶ 5} "The question of whether to grant a new trial upon the basis of the weight of the evidence is within the sound discretion of the trial court." Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 286, 291 N.E.2d 739; see, also, Rohde v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685. "In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot bereconciled with the undisputed evidence in the case, or is the result ofan apparent failure by the jury to include all the items of damage makingup the plaintiff's claim." Bailey v. Allberry (1993), 88 Ohio App.3d 432,435, 624 N.E.2d 279 (emphasis in original). See, also, Scott v. Condo
(May 3, 2002), 1st Dist. No. C-010123.
 {¶ 6} We review the denial of a Civ.R. 59(A)(6) motion under an abuse-of-discretion standard. See Antal v. Olde Worlde Products, Inc.
(1984), 9 Ohio St.3d 144, 145-146, 459 N.E.2d 223. The term "abuse of discretion" connotes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary or unconscionable. See Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87, 482 N.E.2d 1248; Champ v. Wal-Mart Stores, Inc. (Mar. 22, 2002), 1st Dist. No. C-010283, 2002-Ohio-1615. Although the trial court is in the best position to determine the correctness of the verdict, its discretion is not absolute. See Antal v. Olde Worlde Products, Inc.,9 Ohio St.3d at 145-146, 459 N.E.2d 223.
 {¶ 7} Dr. Gulla testified that he had found "acute muscle spasm of the cervicothoracic paraspinal muscles, the right upper trapezius muscle, [and] the right suboccipital muscle." This evidence, the Rosses argue, was proof that Dorothy Ross's injuries were objective rather than merely subjective, and it was uncontroverted by Smith's expert. Dr. Gulla made his diagnosis without x-rays, although he testified that he had relied in part upon the emergency-room radiologist's report. That report showed that Ross had pre-existing arthritis in her neck. Dr. Gulla also testified that during his examination he had found a decreased range of cervical motion. He treated Ross three times a week for two months with electrical muscle stimulation, heat, mechanical traction, ultrasound, and spinal manipulative therapy. He testified that Ross had required a longer period of recovery due to her diabetes.
 {¶ 8} Smith's counsel argued to the jury that the evidence showed that the collision was at most a "fender-bender type," and that following each of her previous collisions Ross had presented exactly the same complaints, received the same treatment by the same chiropractor, and was represented by the same law firm. The implication was clearly that the Rosses were attempting multiple recoveries for the same injury. Smith's medical expert, James P. Duffy, M.D., a board-certified orthopaedic surgeon, conducted an independent medical examination of Ross on October 7, 2002. He reviewed the records and x-rays taken at the emergency room. He examined Ross and took additional x-rays. The x-rays showed some minimal narrowing in the cervical vertebrae, which, Dr. Duffy testified, was not "abnormal for someone her age." But he did not find any spasm, tenderness, or limitation of motion in her back. He concluded that on the date of his examination there was no evidence that Ross suffered from cervical or lumbosacral strain.
 {¶ 9} Except when cause and effect are within the common knowledge of the jury, the proximate cause of an injury is a medical fact that must be established by competent medical opinion. See Stinson v. England
(1994), 69 Ohio St.3d 451, 455, 633 N.E.2d 532. In a negligence action, the plaintiff has the burden not only to produce by competent evidence a prima facie case of proximate cause, but also to persuade the jury on the basis of that evidence. Id. The jury is not required to accept medical evidence simply because it is uncontroverted, unimpeached, or unchallenged, and in weighing the evidence the jury is entitled to believe all, part, or none of the testimony of any witness, including an expert. See Ace Steel Bailing, Inc. v. Porterfield (1969),19 Ohio St.2d 137, 249 N.E.2d 892.
 {¶ 10} The weight to be given to the evidence and the credibility of the witnesses are primarily for the jury. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In this case, it is evident that the jury rejected Dr. Gulla's testimony that Ross's latest injury was of an objective, soft-tissue type, and that it accepted the defense theory that no new injury or pain and suffering was occasioned by the minimal collision that had occurred between the two vehicles. Ross's credibility as a witness to her own pain, it should be noted, may have been negatively affected by her admission during trial that she had been previously convicted of a misdemeanor shoplifting offense. Likewise, in evaluating the motion for a new trial, the trial court had to assess Ross's credibility.
 {¶ 11} Based on the photographs depicting the slight impact and minor damage to both automobiles; Ross's same symptoms of neck, shoulder, and back pain after each of the three automobile collisions occurring between May 27, 1999, and July 10, 2000; the preexisting changes in her cervical spine; the same treatment by the same chiropractor for the same symptoms following each collision; and the lack of symptoms found by Dr. Duffy, there was some competent, credible evidence in the record to support the jury's verdict. See, e.g., SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. See, also, Sawyer v. Duncan (Dec. 14, 2000), 8th Dist. No. 78056.
 {¶ 12} We hold that the trial court did not abuse its discretion in overruling the Rosses' motion for a new trial. The judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann, P.J., and DOAN, J., concur.
[1] Neither party, it should be noted, has raised any issue with respect to the collateral-source rule.