JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiffs-appellants, Richard McKinney and Mary McKinney, appeal the judgment of the Hamilton County Court of Common Pleas in favor of defendant-appellee, Mimi McHugh-Liles, in a personal-injury action.
McHugh-Liles drove her automobile into the vehicle occupied by the McKinneys. The McKinneys sued, claiming that Richard McKinney had suffered a herniated disk in his neck as well as an injury to his forehead as a result of the negligence of McHugh-Liles. Mary McKinney allegedly suffered loss of consortium.
The case proceeded to a jury trial. The jury returned a verdict in favor of McHugh-Liles, and the trial court denied the McKinneys' motion for a new trial.
In their first assignment of error, the McKinneys argue that the trial court erred in denying their motion for a directed verdict on the issue of proximate causation. A directed verdict may be granted only where the trial court, after construing the evidence in a light most strongly in favor of the party opposing the motion, concludes that upon any determinative issue reasonable minds could come to but one conclusion, and that conclusion is adverse to the non-moving party.[1]
In the case at bar, we find no error in the trial court's denial of the motion with respect to the alleged spinal injury. Although the McKinneys offered the testimony of a biomechanical engineer and a neurosurgeon who both stated that the collision had caused the herniated disk, McHugh-Liles produced expert medical evidence that the collision had not caused the spinal injury because Richard McKinney had not experienced symptoms consistent with a disk herniation immediately following the accident. Reasonable minds could have accepted either expert opinion, and the motion for a directed verdict was properly denied in this respect.
The McKinneys also claim that the trial court erroneously denied their directedverdict motion with respect to the alleged injury on Richard McKinney's forehead. There was uncontroverted evidence that the accident had caused a small red mark on Richard McKinney's forehead. As we discuss under the second assignment of error, though, there was no evidence of compensable damages flowing from the alleged injury. Thus, any error with respect to the denial of the motion for a directed verdict as to causation was harmless. The first assignment of error is overruled.
In the second assignment of error, the McKinneys argue that the trial court erred in denying their motion for a new trial. In their motion, they had argued that the defense verdict was against the weight of the evidence and was contrary to law, and that it indicated passion or prejudice on the part of the jury.
The McKinneys' primary contention under this assignment is that the jury should have awarded some damages for the alleged injury to Richard McKinney's forehead. They argue that it was undisputed that there was a red mark on his forehead as a result of contact with the car's sun visor, and that the injury, even if minor, was compensable.
The question whether to grant a new trial on the basis of the manifest weight of the evidence is within the discretion of the trial court, and this court reviews the denial of a Civ. R. 59(A)(6) motion for a new trial under an abuse-of-discretion standard.[2]
In the case at bar, we find no abuse of discretion. As McHugh-Liles notes, there was no evidence that the red mark caused any pain, discomfort, embarrassment, or inconvenience. In fact, Richard McKinney himself testified that he was not even aware of the red mark until he saw it in a mirror when he returned home after the accident. Although the McKinneys suggest that the contact with the sun visor caused Richard McKinney to be dazed for several moments after the collision, their own expert stated that the movement of McKinney's head from the collision, not the impact with the sun visor, was the cause of the trauma. Under these circumstances, we cannot say that the jury's verdict was contrary to the evidence, was contrary to law, or was the result of passion or prejudice.
The McKinneys also argue that a new trial should have been granted with respect to the herniated disk. We find no merit in this claim. As we noted under the first assignment of error, there was conflicting evidence concerning proximate causation, and it was within the jury's province to believe the defense expert's testimony and to reject the evidence presented by the McKinneys. The trial court did not err in denying the motion for a new trial, and the second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] Civ.R. 50(A)(4); Wilson v. Horton, 1st Dist. No. C-040193,2004-Ohio-6841, at ¶ 5.
[2] Ross v. Smith, 1st Dist. No. C-030301, 2003-Ohio-7147, at ¶ 5-6;Antal v. Olde Worlde Products, Inc. (1984), 9 Ohio St.3d 144, 145, 459
N.E.2d 223.