DECISION. *Page 2 
{¶ 1} Defendants-appellants Stephen A. Bailey and Martin, Bailey 
MacDonald appeal the trial court's granting of a new trial. The new trial is limited to the amount of successor attorney fees and related expenses that should be awarded for a breach of duty in legal representation.
 {¶ 2} This litigation began in 1997 when the plaintiffs-appellees, Michael B. Green and Gary D. Green, filed a legal malpractice action against Bailey and the law firms where he had worked, Martin, Bailey MacDonald and Lindhorst Dreidame, L.P.A. The Greens subsequently dismissed Lindhorst Dreidame with prejudice.
 {¶ 3} The Greens had hired Bailey to defend them in five underlying lawsuits involving the franchising of Flamingo's Frozen Yogurt, Inc. The Greens owned most of the stock in Flamingo and had been appointed as officers and directors.
 {¶ 4} The plaintiffs in the Flamingo case alleged that the Greens and other defendants had violated provisions of the Ohio Business Opportunity Plans Act ("OBOPA"), the Ohio Corrupt Practices Act, and the Ohio securities laws, and that Gary Green had made fraudulent misrepresentations in selling the franchises. The OBOPA allows for treble damages and attorney fees.
 {¶ 5} The Flamingo plaintiffs moved for partial summary judgment on the issue of liability under the OBOPA, contending that the franchise-offering circulars that Flamingo had distributed to investors were in violation of the OBOPA. Bailey filed a memorandum in opposition on behalf of the defendants. The trial court entered a partial summary judgment against Flamingo's and the Greens.
 {¶ 6} Bailey appealed on behalf of Flamingo's and the Greens, but the appeal was dismissed because the summary-judgment order was not a final order subject to appeal. *Page 3 
 {¶ 7} The Greens and Flamingo's then retained new counsel, who asked the court to reconsider the grant of partial summary judgment on the basis that the court had applied the incorrect law and that the plaintiffs had not established all the elements of their claim. Before the court ruled on the motion, the Greens and Flamingo's ultimately settled the claims in all the consolidated cases for $325,000.
 {¶ 8} The Greens then filed this malpractice action and claimed that, as a result of the malpractice, they had been forced to enter into an unfavorable settlement for $325,000; they had to incur over $197,000 in attorney fees to attempt to remedy the malpractice; and their business reputation and their businesses were damaged by reason of having to disclose the facts of the settlement to new business contacts.
 {¶ 9} Initially the trial court granted summary judgment in favor of Bailey and his law firm. But this court reversed and remanded for further proceedings.
 {¶ 10} On remand, the case proceeded to a jury trial. The jury was informed of the law under the OBOPA Experts presented conflicting opinions on whether Bailey had breached his duty to the Greens and whether this breach had proximately caused any damages. Although the jury determined that Bailey had breached his duty to the Greens in several respects, it specifically found that these breaches had not caused any injury or damage to the Greens. Thus, the jury awarded no damages and entered a verdict in favor of the defendants.
 {¶ 11} After trial, the Greens moved for judgment notwithstanding the verdict or, in the alternative, for a new trial under Civ. R. 59(A)(6), arguing that the verdict was not sustained by the evidence. While those motions were pending, the trial judge passed away, and a new judge was assigned to the case. After reviewing the trial transcript and the exhibits, the new judge overruled the motion for judgment notwithstanding the verdict but partially granted a new trial, limited to the issue of attorney fees and expenses that *Page 4 
should have been recoverable as damages. Bailey and the law firm challenge that decision in this appeal.
 Standard for Granting a New Trial under Civ. R. 59(A)(6) {¶ 12} In determining whether a verdict is manifestly against the weight of the evidence as provided in Civ. R. 59(A)(6), "the [trial] court must review the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence."[1]
 {¶ 13} The trial court may not set aside the jury's verdict under Civ. R. 59(1)(6) due to a "mere difference of opinion"; rather the relief should be granted only when the trial court is persuaded that there is insufficient credible evidence to sustain the verdict in light of the other evidence presented.[2]
 {¶ 14} The court must articulate the reasons for granting a motion for a new trial on the basis that the verdict is not sustained by the weight of the evidence, [3] and these reasons cannot be "simply couched in the form of conclusions or statements of ultimate fact."[4]
 Appellate Review {¶ 15} A reviewing court may reverse a trial court's decision to grant a new trial under Civ. R. 59(A)(6) only upon a finding of an abuse of discretion.[5] An abuse of discretion is not merely an error of law; rather, the trial court's ruling must be *Page 5 
unreasonable, arbitrary, or unconscionable.[6] A decision to grant a new trial is unreasonable when there is no sound reasoning process that would support the decision.[7]
 Law and Analysis {¶ 16} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss."[8]
 {¶ 17} Attorney fees incurred to rectify, or to attempt to rectify, the malpractice are recoverable as indirect, or consequential, damages in a legal malpractice action, [9] even when the rectification is achieved through a settlement.[10] But recovery is warranted only where the factfinder is persuaded that the fees and expenses of the successor attorney were causally related to an established cause of action for malpractice.
 {¶ 18} The Greens alleged that Bailey had negligently represented them in the defense of underlying lawsuits where they had been sued for violating the OBOPA. The Greens claimed to have suffered monetary losses including (1) an adverse settlement, (2) successor attorney fees and expenses to rectify Bailey's malpractice, *Page 6 
and (3) loss to their business reputation from the mandatory disclosure of the settlement of the underlying cases.
 {¶ 19} The jury found that Bailey had owed a duty to the Greens and that he had breached that duty in the following four ways: "1) Did not communicate result of summary judgment in a timely fashion; 2) Lack of affirmative defenses-could have been more explicit in outlining/clarifying his points in Summary Judgment Answer; 3) Did not secure expertise in franchise law; 4) Failed to use tools of discovery and meet discovery deadlines."
 {¶ 20} The jury, however, found that none of these failures had caused any damage or injury to the Greens, and, accordingly, it did not award any damages.
 Trial Court's Decision {¶ 21} The Greens moved for a new trial on all three categories of damages, contending that the jury's verdict was against the manifest weight of the evidence. The trial court denied a new trial on the alleged losses to the Greens' business reputation and on losses related to the value of the settlement.
 {¶ 22} In denying a new trial with regard to the value of the settlement, the court found, based upon the evidence presented, that the jury could have reasonably concluded that (1) the settlement amount "could reasonably have been made even if there had been no summary judgment because the fraud and corrupt practice claims still remained with the possibility of punitive damages and a verdict exceeding $325,000"; (2) if the Greens had proceeded to trial, "they might not be able to prove that the transaction was exempt from OBOPA"; and (3) "at trial, they might not be able to prove the `bona fide error' factor, thus they would remain open to treble damages." Thus, the court concluded that the evidence supported the jury's finding *Page 7 
that there was no causal connection between Bailey's conduct and the monetary losses sustained by settling the OBOPA claim.
 {¶ 23} Nonetheless, the trial court held that the jury's failure to award to the Greens any successor attorney fees and related expenses was not sustained by the weight of the evidence. The court identified the following reasons to support its determination:
 {¶ 24} "1) The jury found that the defendant breached his duty to the Greens in presenting the defenses to summary judgment. This finding supports (after the fact) the decision by the Greens to retain new counsel.
 {¶ 25} "2) No evidence in the trial came from the defendant disputing the need for the Greens to retain new counsel.
 {¶ 26} "3) After the new attorneys researched the applicable law and gathered many facts, they filed a comprehensive motion asking the Court to reconsider the judgment in light of the new information and legal arguments they presented.
 {¶ 27} "4) The new attorneys took over the defense, conducted the discovery, and within four months negotiated a settlement acceptable to the Greens, relieving them of the potential of a multi-million dollar verdict.
 {¶ 28} "5) Although the motion for reconsideration filed by the new attorneys was not decided by the trial court, a reasonable inference can be made that the vigorous representation by the new attorneys was beneficial to the Greens."
 {¶ 29} These reasons cannot be harmonized with the court's previous determination that a new trial was not warranted with regard to the settlement-based damages. The court necessarily had found evidence to support a finding that Bailey's malpractice had not caused any damage to the Greens' defense of the OBOPA claims. This same evidence must have supported the jury's failure to award *Page 8 
attorney fees and expenses, as these damages could only have been awarded if they had been incurred to rectify, or to attempt to rectify, damage that Bailey had caused to the Greens' defense.
 {¶ 30} In granting a new trial with regard to attorney fees and expenses, the court ignored its own findings with respect to the existence of persuasive evidence to support the jury's finding on causation. The court's decision was not supported by a sound reasoning process, and it produced an unreasonable result. Therefore, we hold that the trial court abused its discretion in granting a new trial on the issue of damages for successor attorney fees and expenses.
 {¶ 31} Accordingly, we reverse the trial court's decision granting a new trial and enter final judgment in favor of Bailey and his law firm.
Judgment accordingly.
HENDON, P.J., CUNNINGHAM and WALSH, JJ.
JAMES E. WALSH, of the Twelfth Appellate District, sitting by assignment.
[1] Rohde v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685, paragraph three of the syllabus.
[2] Id. at 92.
[3] Antal v. Olde Worlde Products, Inc. (1984), 9 Ohio St.3d 144,459 N.E.2d 223, syllabus; Mannion v. Sandel, 91 Ohio St.3d 318,2001-Ohio-47, 744 N.E.2d 759.
[4] Antal at 147.
[5] Rohde, paragraph one of the syllabus.
[6] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[7] Drehmer v. Fylak, 163 Ohio App.3d 248, 2005-Ohio-4732,837 N.E.2d 802, ¶ 8, citing AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.
[8] Vahila v. Hall, 77 Ohio St.3d 421, 1997-Ohio-259, 674 N.E.2d 1164, syllabus.
[9] Paterek v. Petersen Ibold, ____ Ohio St.3d ___, 2008-Ohio-2790, ___ N.E.2d ___, ¶ 28, citing Krahn v. Kinney (1989), 43 Ohio St.3d 103,106, 538 N.E.2d 1058.
[10] Pschesang v. Schaefer (Aug. 11, 2000), 1st Dist. No. C-990702. *Page 1