{¶ 13} In State v. Wilson, 113 Ohio St. 3d 382, 2007-Ohio-2202, the Ohio Supreme Court held that, if a trial court's judgment in a civil case is "supported by some competent, credible evidence going to all the essential elements of the case," an appellate court is not authorized to reverse the judgment "as being against the manifest weight of the evidence." Id. at ¶ 24 (quoting C.E. Morris Co. v. Foley Constr.Co., 54 Ohio St. 2d 279, syllabus (1978)). In other words, in determining whether a decision in a civil case is supported by the weight of the evidence, an appellate court is not permitted to weigh the evidence. I have written elsewhere about the problems I see with the decision in Wilson. Huntington Nat'l Bank v. Chappell, 9th Dist. No. 06CA008979, 2007-Ohio-4344, at ¶ 17-75 (Dickinson, J., concurring).
 {¶ 14} In ruling on Ms. Griffith's motion for a new trial in this case, the trial court applied the "competent, credible evidence" test adopted in Wilson. In affirming, the majority has approved the trial court's use of that test. Because I do not believe the Wilson decision should be extended to prohibit trial judges from weighing the evidence when a party moves for a new trial under Rule 59(A)(6) of the Ohio Rules of Civil Procedure, I would reverse and remand for the *Page 6 
trial court to weigh the evidence and determine whether the jury's verdict was a manifest injustice.
 {¶ 15} In Rohde v. Farmer, 23 Ohio St. 2d 82 (1970), the Ohio Supreme Court considered the test a trial judge should apply in determining whether to grant a motion for new trial under then Section 2321.17(F) of the Ohio Revised Code, the statutory predecessor of Rule 59(A)(6). Section 2321.17(F) authorized a trial court to grant a new trial if a jury's verdict was "not sustained by sufficient evidence."Rohde, 23 Ohio St. 2d at 90-91. Under Ohio law, at least in criminal cases, the legal concepts of "sufficiency of the evidence" and "weight of the evidence" are now "quantitatively and qualitatively different."State v. Thompkins, 78 Ohio St. 3d 380, 386 (1997). As explained by Supreme Court in Rohde, however, the phrase "sufficient evidence," as used by the legislature in Section 2321.17(F), was synonymous with what we would now term, at least in a criminal case, manifest weight: "[T]he language of R.C. § 2321.17(F), `sustained by sufficient evidence,' does not mean merely sufficient evidence to compel the submission of the case to the jury, but means sufficient, in the opinion of the trial court, to conclude as a matter of fact that the judgment is not against the weight of the evidence." Rohde, 23 Ohio St. 2d at 92. The Supreme Court further explained the test a trial judge should apply in determining whether the jury's verdict is supported by the weight of the evidence: "[T]he trial court, in determining such question, must review the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility is passed on originally by the jury, but in the more restricted sense of whether it appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence." Id. at 92. *Page 7 
 {¶ 16} In Rohde, the Supreme Court also explained that, in considering the weight of the evidence, a trial judge is required to exercise discretion: "A motion for a new trial with reference to the weight or sufficiency of the evidence is addressed to the sound discretion of the trial court and imposes upon that court a duty to review the evidence and pass upon the credibility of witnesses." Rohde, 23 Ohio St. 3d at 90
(quoting Berry v. Roy, 172 Ohio St. 422, 424 (1961)). It further explained that, when a trial judge exercises his or her discretion and grants a new trial based on the weight of the evidence, an appellate court, in determining whether the trial judge has abused that discretion, should view the evidence most favorably to the judge's action rather than to the jury's verdict: "This rule of appellate review is predicated, in part, upon the principle that the discretion of the trial judge in granting a new trial on the weight of the evidence may be supported by his having seen and heard the witnesses and having formed a doubt as to their credibility, or having determined from the surrounding circumstances and atmosphere of the trial, that the jury's verdict resulted in manifest injustice." Id. at 94 (citing Mooney v.Carter, 160 P.2d 390, 391 (Colo. 1945)).
 {¶ 17} In Malone v. Courtyard by Marriott, 74 Ohio St. 3d 440 (1996), the Ohio Supreme Court reviewed a case in which an appellate court reversed a trial judge's grant of a new trial under Rule 59(A)(6). The Supreme Court reiterated that an appellate court's standard of review when considering a trial judge's ruling on a new trial based on the weight of the evidence is abuse of discretion and again explained: "This deference to a trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the `surrounding circumstances and atmosphere of the trial.'" Id. at 448 (quotingRohde, 23 Ohio St. 2d at 94). The Supreme Court concluded that the trial judge had not abused his discretion in granting a new trial in that case *Page 8 
and that, therefore, the appellate court had incorrectly reversed the trial court's order doing so: "A reasonable person confronted by such a set of facts could validly conclude that the jury's verdict for [plaintiff] was against the manifest weight of the evidence."Id. at 449.
 {¶ 18} As I noted at the outset, in State v. Wilson,113 Ohio St. 3d 382, 2007-Ohio-2202, the Ohio Supreme Court held that, when an appellate court is itself asked to reverse a trial court's judgment in a civil case based on the weight of the evidence, the appellate court is not permitted to weigh the evidence. In discussing what it termed the "civil manifest-weight-of-the-evidence standard," the Supreme Court, inWilson, among other things, wrote that an appellate court applying that standard "has an obligation to presume that the findings of the trier of fact are correct," and explained that "[t]his presumption arises because the [trier of fact] had an opportunity `to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'"Id. at ¶ 24 (quoting Seasons Coal Co. Inc. v. Cleveland,10 Ohio St. 3d 77, 80 (1984)). This is nearly identical to the reason given by the Supreme Court in Malone and Rohde for the requirement that an appellate court, when reviewing a trial judge's grant of a new trial based on the weight of the evidence, view the evidence most favorably to the trial judge's action rather than to the jury's original verdict. To the extent that the superior vantage point of the trier of fact is a ground for the Supreme Court's holding in Wilson that an appellate court called upon to review the weight of the evidence in a civil case is not permitted to weigh the evidence, that ground does not apply when a trial judge is asked to grant a new trial under Rule 59(A)(6).
 {¶ 19} In Malone, the Supreme Court noted that the purpose of an order for a new trial under Rule 59(A)(6) "is to prevent `miscarriages of justice which sometimes occur at the hands of juries,' by presenting the same matter to a new jury." Malone, 74 Ohio St. 3d at 448. *Page 9 
Requiring a trial judge asked to grant a new trial under Rule 59(A)(6) to apply the "competent, credible evidence" test, which, as the Supreme Court noted in Wilson, "tends to merge the concepts of weight and sufficiency," destroys the trial court's ability to prevent such "miscarriages of justice." Wilson, 2007-Ohio-2202, at ¶ 26.
 {¶ 20} I would not extend the holding in Wilson to require trial judges asked to grant a new trial under Rule 59(A)(6) to apply the "competent, credible evidence" test, thereby requiring them to refrain from exercising their discretion by weighing the evidence that was before the jury. Rather, I would reiterate that the proper procedure for a trial judge called upon to consider a motion for new trial under Rule 59(A)(6) is the procedure described by the Supreme Court inRohde: "[W]here there is a motion for a new trial upon the ground that the judgment is not sustained by [the weight of the] evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the [weight] of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury. . . . But, where a court finds a judgment on a verdict manifestly against the weight of the evidence, it is its duty to set it aside."Rohde, 23 Ohio St. 2d at 92 (quoting Poske v. Mergl, 169 Ohio St. 70,73-74 (1959) (internal citations omitted)).
 {¶ 21} In Antal v. Olde Worlde Prods. Inc., 9 Ohio St. 3d 144, syllabus (1984), the Supreme Court held that, when a trial court grants a motion for new trial based on the weight of the evidence, it "must articulate the reasons for doing so in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." As noted by the *Page 10 
majority, the trial judge in this case filed a six page opinion explaining her denial of Ms. Griffith's motion for a new trial. Review of that opinion reveals that, rather than exercising her discretion to weigh the evidence and determine whether the jury's verdict was "manifestly against the weight of the evidence," she restricted her review to a determination that the jury's verdict was supported by "competent, credible evidence." Accordingly, I would reverse the trial court's denial of Ms. Griffith's motion for a new trial and remand for the trial judge to weigh the evidence and determine whether the jury's verdict was "manifestly against the weight of the evidence."
 {¶ 22} I note that the majority's approval of the trial judge's use of the "competent, credible evidence" test in this case conflicts with the decision of the First District Court of Appeals in Green v. Bailey, 1st Dist. No. C-070221, 2008-Ohio-3569, at ¶ 12 ("In determining whether a verdict is manifestly against the weight of the evidence as provided in Civ. R. 59(A)(6), `the [trial] court must review the evidence and pass on the credibility of the witnesses; not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury, but in the more restricted sense of whether is appears to the trial court that a manifest injustice has been done, and that the verdict is against the manifest weight of the evidence. `") (quotingRohde v. Farmer, 23 Ohio St. 2d 82, paragraph three of the syllabus) and with the decision of the Second District Court of Appeals inStephenson v. Upper Valley Family Care Inc., 2d Dist. No. 07CA12,2008-Ohio-2899, at ¶ 74 ("[T]he [trial] court must review the evidence and pass in a limited way on the credibility of the witnesses."). See App. R. 25. *Page 1