OPINION
{¶ 1} Appellant, Kelli Mensch, appeals from a final judgment of the Portage County Court of Common Pleas, entered after a jury verdict was rendered in her favor.
 {¶ 2} The record discloses the following facts. On June 15, 2000, appellant filed a complaint in the Portage County Court of Common Pleas. In her complaint, appellant alleged that appellee, James Fisher, negligently operated his car and, consequently, rear-ended her pick-up truck. Appellant sought compensatory damages in the amount of $3,583, and monetary damages for pain and suffering and permanent injury proximately caused by the accident.
 {¶ 3} On June 26, 2002, a jury was impaneled and both parties presented their cases. Throughout the trial, neither party disputed that appellee had operated his vehicle negligently. However, both parties did dispute the amount of damages to which appellant was entitled.
 {¶ 4} During trial, appellant's testimony demonstrated that she had incurred approximately $3,583 in medical expenses. This total included specific amounts for ambulance transport, an emergency room visit, general therapy expenses, and appellant's medical visits with her doctor. It did not include, however, estimated expenses for prescription drugs and three separate visits with her doctor that involved manipulation therapy.
 {¶ 5} Prior to jury deliberations, the jury received a general verdict form and interrogatory form. The interrogatory form consisted of three interrogatories that required the jury to indicate how appellant's monetary award was apportioned. The first interrogatory required the jury to state the amount of money to be awarded to appellant for any medical expenses. The second interrogatory called for the jury to state the amount of money awarded for the nature and extent of the injury, the effect upon her physical health, pain and suffering, and the ability and inability to perform usual activities. Finally, the third interrogatory asked the jury to state the amount of money awarded for permanent injury.
 {¶ 6} Ultimately, the jury returned a general verdict in favor of appellant in the amount of $4,500. The interrogatory form returned by the jury confirmed that the entire $4,500 was awarded to appellant for medical expenses only.
 {¶ 7} Following the jury's verdict, appellant filed a motion for a new trial and additur. In her motion, appellant argued that there was no evidence supporting the $4,500 award for medical expenses. Furthermore, appellant asserted that a new trial was necessary because the jury awarded money for medical expenses, but failed to award money for pain and suffering.
 {¶ 8} On April 30, 2002, the trial court entered a judgment entry overruling appellant's motion for a new trial and additur. It explained that the evidence at trial and the jury's answer to the interrogatories were inconsistent. However, because appellant failed to object to this inconsistency prior to the release of the jury, any subsequent objection regarding the inconsistency was waived. The trial court also concluded that "the general verdict was not reached due to passion or prejudice on the part of the jury, and allowing the verdict to stand is no manifest miscarriage of justice."
 {¶ 9} From this judgment entry, appellant brings forth two assignments of error for our consideration:
 {¶ 10} "[1.] The jury award for an amount in excess of medical bills submitted and a failure of the jury to award any damages for pain and suffering is manifestly contrary to the natural inferences to be drawn and is inconsistent with the evidence as to produce a result in violation of a substantial justice.
 {¶ 11} "[2.] The trial court erred in overruling appellant's motion for a new trial and additur."
 {¶ 12} Appellant's assignments of error are closely related and will be discussed in a consolidated manner. In her appellate brief, appellant sets forth two separate arguments. First, appellant asserts that there was no evidence presented at trial which supports a jury award of $4,500 for medical expenses. Rather, appellant maintains that the evidence demonstrated the amount of medical expenses incurred was actually $3,583.20. Appellant concludes that this discrepancy establishes that the jury lost its way during deliberations and, therefore, the trial court should have granted a new trial.
 {¶ 13} As an initial matter, we note that the trial court's judgment entry misconstrued appellant's argument in her motion for a new trial as an assertion of an inconsistency between the general verdict and the jury's answers to the interrogatories. A review of appellant's motion reveals that appellant merely argued that the award for medical expenses was not supported by the evidence presented at trial. Nevertheless, the trial court found that appellant's failure to object to any inconsistency prior to the jury being released acted as a waiver to such an objection.[1]
 {¶ 14} Despite the trial court's misinterpretation, the following analysis determines that appellant's contention that the evidence did not support the jury award is meritless. We will first set forth the appropriate standard of review.
 {¶ 15} Pursuant to Civ.R. 59(A)(6), a new trial may be granted when "the judgment is not sustained by the manifest weight of the evidence ***." It is well established that the decision to grant or deny a motion for a new trial in accordance with Civ.R. 59(A) is within the discretion of the trial court. Sharp, Admr. v. Norfolk Western Ry.Co. (1995), 72 Ohio St.3d 307, at 312. "The trial court's decision will be disturbed only upon a showing that such decision was unreasonable, unconscionable or arbitrary." Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, at 219.
 {¶ 16} Moreover, the assessment of damages is thoroughly within the province of the jury. Allen v. Allen (Mar. 15, 2002), 11th Dist. No. 2000-T-0137, 2002-Ohio-1167, 2002 Ohio App. LEXIS 1222, at 4. Therefore, "to set aside a jury award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the jury verdict is so disproportionate as to shock reasonable sensibilities, cannot be reconciled with the undisputed evidence in the case, or indicates that the jury lost its way in assessing compensatory damages by failing to include all items making up the plaintiff's claim." Id. at 4-5, citingBegeot v. Izzat (July 21, 2000), 11th Dist. No. 98-T-0208, 2000 Ohio App. LEXIS 3293, at 10.
 {¶ 17} In the instant case, there was testimony at trial establishing various expenses that were not included as part of appellant's claimed total of $3,583. Specifically, appellant testified that this total did not include three separate visits to her doctor, Dr. Wagner. She explained that the base cost of each office visit cost approximately $56. Furthermore, during these three visits, Dr. Wagner performed manipulation therapy on appellant's back. Appellant testified that the cost of such manipulation therapy was not part of the $56, and the approximate cost of such therapy was unknown.
 {¶ 18} Also, appellant testified that Dr. Wagner prescribed muscle relaxers and anti-inflammatories shortly after the accident. The anti-inflammatories were continuously renewed by Dr. Wagner and appellant used them whenever necessary. Appellant stated that these prescription drug expenses were also not part of the $3,583 total:
 {¶ 19} "Q: [direct examination] What do you do?
 {¶ 20} "A: I use antiinflammatories. I usually keep a prescription of that, and he will give it to me whenever I run out. I use heat and usually try stretching.
 {¶ 21} "Q: We don't have any prescription drug expenses listed, correct?
 {¶ 22} "A: No.
 {¶ 23} "Q: You didn't keep track of those?
 {¶ 24} "A: No."
 {¶ 25} The foregoing testimony confirms that appellant's claimed total of $3,583 for medical expenses was only the amount verified by receipts. This amount, however, did not include prescription drug expenses, several medical visits, and manipulation therapy with Dr. Wagner. It is apparent that the jury might have taken these additional costs into consideration when determining appellant's award for medical expenses.
 {¶ 26} We are also aware that neither party stipulated to an exact calculation of the monetary amount for medical expenses. To the contrary, during closing arguments, appellee's counsel estimated that the amount of medical expenses incurred fell between $3,500 and $4,500. Again, this demonstrates that the jury was only given an estimated total for medical expenses, and was free to determine the exact amount based upon the evidence presented at trial.
 {¶ 27} This being the case, we are unable to hold that the jury award of $4,500 cannot be reconciled with the undisputed evidence or is so disproportionate as to shock reasonable sensibilities. The jury award is not against the manifest weight of the evidence. Thus, this portion of appellant's assignment of error is not well taken.
 {¶ 28} Appellant's second argument claims that the manifest weight of the evidence does not support a jury award of $0 for pain and suffering. This argument is based upon the theory that the award of $4,500 for appellant's medical expenses demonstrated the jury's understanding that appellant's expenses resulted from injuries proximately caused by appellee's negligent driving. Consequently, appellant contends that it is against the manifest weight of the evidence for a jury to issue an award for medical expenses, but make no award for pain and suffering.
 {¶ 29} We are unaware of any binding precedent, statute, or rule which requires an award of pain and suffering whenever medical expenses have been awarded. Appellant cites Farkas v. Detar (1998),126 Ohio App.3d 795, as support for her argument; however, that case was decided on its particular facts. The claimed issue before the Farkas court was whether it was against the manifest weight of the evidence for a trial court to issue an award for medical expenses, but award nothing for pain and suffering. The appellate court held that the jury's failure to award for pain and suffering was "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice." (Emphasis added.) Id. at 808.
 {¶ 30} The case at bar is distinguishable from Farkas. In Farkas, the court explained that there was "overwhelming" and uncontroverted evidence of pain and suffering. Id. at 807. During that trial, plaintiff presented medical opinions from two separate expert witnesses, and defendant supplied his own expert witness to state a medical opinion. Id. All three experts testified that plaintiff suffered from some kind of chronic condition, which involved pain, as a direct result of a car collision. Id. Furthermore, the defendant in Farkas set forth no evidence disputing plaintiff's claims that she was subjected to physical pain due to the accident. Id. at 808. Thus, Farkas was based upon the evidence submitted in that case, and the award of $0 for pain and suffering was against the manifest weight of that evidence.
 {¶ 31} In the instant case, appellant presented the expert witness testimony of Dr. Wagner. Dr. Wagner's testimony stated his medical opinion that appellant's injuries were a direct result of her accident with appellee, and some amount of pain was produced from these injuries. On cross-examination, however, appellee elicited testimony from Dr. Wagner stating that he had placed no restrictions on appellant's physical activities.
 {¶ 32} During appellant's cross-examination, testimony was given explaining that the accident itself was minor, causing little damage to either vehicle. The testimony also demonstrated that appellant's police statement, made shortly after the accident, gave no indication of any injury or physical pain. As a precautionary measure, appellant was sent to the hospital where x-rays were taken, which ultimately displayed no skeletal damage.
 {¶ 33} More importantly, during cross-examination, appellant reiterated that Dr. Wagner did not restrict her physical activities:
 {¶ 34} "Q. He [Dr. Wagner] hasn't placed you on any physical restriction has he?
 {¶ 35} "A. No.
 {¶ 36} "Q. In fact when you were under his care he never put you on any kind of restrictions?
 {¶ 37} "A. No."
 {¶ 38} Further testimony on cross-examination of appellant confirmed that her injuries did not preclude her from engaging in various strenuous physical activities. For instance, appellant testified that she had traveled to various vacation spots following the accident:
 {¶ 39} "Q. Okay. All right. And then also my understanding is you have been, obviously you had your honeymoon and have been on vacation a couple of times out of state?
 {¶ 40} "A. Yes.
 {¶ 41} "Q. And those have been car trips to Virginia?
 {¶ 42} "A. Yes.
 {¶ 43} "Q. And Virginia Beach?
 {¶ 44} "A. Uh-huh.
 {¶ 45} "Q. Anywhere else?
 {¶ 46} "A. We went to Minnesota a couple of times.
 {¶ 47} "Q. And Niagara Falls also, right?
 {¶ 48} "A. Yes.
 {¶ 49} "Q. You were able to make those trips and have those vacations without any problems?
 {¶ 50} "A. Right."
 {¶ 51} Unlike Farkas, the present case does not present us with overwhelming and uncontroverted evidence that appellant incurred pain and suffering from injuries which were the direct result of the car accident. To the contrary, appellee's cross-examination of both Dr. Wagner and appellant established that appellant had no physical restrictions placed upon her, and that she engaged in numerous physical activities with no resulting physical pain. Furthermore, testimony at trial demonstrated that the accident itself was minor and appellant reported no injury or physical pain shortly after it occurred. Such evidence is certainly sufficient to raise the specter of malingering. Thus, the jury could have found that either appellant incurred no pain and suffering, or that any resulting physical pain was so minimal that a monetary award for pain and suffering was not warranted.
 {¶ 52} While this court may have found differently, a reviewing court is "`not encouraged to substitute there [sic] own judgment for that of the jury.'" Jones v. Gray Drug Fair, Inc. (Nov. 16, 1990), 11th Dist. No. 89-A-1465, 1990 Ohio App. LEXIS 4976, at 16-17, quoting Toledo,Columbus Ohio River RR. Co. v. Miller (1923), 108 Ohio St. 388,402. Moreover, where the resolution of a case turns upon credibility of testimony, and where competent and credible evidence supporting the findings of the trial court exists, the reviewing court must give deference to such findings and conclusions. Myers v. Garson (1993),66 Ohio St.3d 610, 614.
 {¶ 53} Here, it is clear that there was competent and credible evidence demonstrating that appellant either did not incur any pain and suffering, or the pain and suffering incurred was de minimus. Therefore, we will not disturb the jury's findings as its judgment was not so disproportionate as to shock reasonable sensibilities or one that cannot be reconciled with the undisputed evidence in this case. Accordingly, this court finds that the jury award of $0 for pain and suffering was not against the manifest weight of the evidence. This portion of appellant's assignment of error is also not well-taken.
 {¶ 54} Although for different reasons, we find that the trial court's judgment overruling appellant's motion for a new trial and additur was not arbitrary, unreasonable, or unconscionable. Appellant's assignments of error are without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] Presumably, the trial court based this finding upon the well-established rule that "[a] failure to enter a timely objection at a time when the jury has not yet been discharged has been held to be a waiver to any inconsistent answer." Cooper v. Metal Sales Mfg. Corp.
(1995), 104 Ohio App.3d 34, 42.