**UHLIR et al., Appellants,**

v.

**STATE FARM INSURANCE COMPANY; Gunn, Appellee.**

[Cite as *Uhlir v. State Farm Ins. Co.*, 164 Ohio App.3d 71, 2005-Ohio-5545.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85819.

Decided Oct. 20, 2005.

</div>

72

Mark J. Obral, for appellants.

Mark S. Hura, for appellees.

PATRICIA ANN BLACKMON, Administrative Judge.

{¶ 1} Appellants, Clarence and Julie Uhlir, appeal the trial court's denial of their motion for judgment notwithstanding the verdict, or in the alternative, additur or a new trial. The Uhlirs assign the following error for our review:

I. The trial court erred and abused its discretion in denying plaintiffs' motion for J.N.O.V., or in the alternative, additur, or in the alternative, a new trial.

{¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.

{¶ 3} On August 31, 2001, the Uhlirs sustained injuries when their vehicle was struck from behind by a vehicle driven by appellee, Lindsay Gunn.

{¶ 4} On August 21, 2003, the Uhlirs filed suit against Gunn. They also sued their insurer, State Farm Insurance, for underinsured-motorist coverage.[1] Gunn stipulated to liability; therefore, only the issue of damages was tried before the jury.[2]

{¶ 5} The evidence revealed that the Uhlirs, who are in their seventies, did not seek treatment immediately after the accident, but proceeded to complete their

---

1. State Farm is not a party to the instant appeal.

2. In entering the stipulation to liability, the trial court incorrectly entered a journal entry that the parties stipulated to dismissing "the case." This was clearly erroneous as indicated by the ensuing trial on damages. In any event, the trial court's entry was of no effect because Civ.R. 41(1)(b) requires the parties to file a joint stipulation of dismissal, which is signed by all parties involved. This was not done here.

errand to the bank. The day following the accident, the Uhlirs received treatment at Marymount Hospital. The medical records indicate that Mrs. Uhlir complained of upper and midback pain. Mr. Uhlir complained of pain and swelling in his left knee.

{¶ 6} Thirty-eight days after the accident, Mrs. Uhlir sought treatment from Dr. Brunello, a chiropractor. She had been previously treated by Dr. Brunello for neck and back pain from injuries she sustained in a 1993 accident. She received over 90 treatments from 1995 to 1999.

{¶ 7} Because Dr. Brunello's treatment had not alleviated her pain, two years after the accident, Mrs. Uhlir sought treatment from Dr. Robert D. Zaas. Dr. Zaas reviewed the x-rays taken of Mrs. Uhlir's spine the day after the accident. He testified that the x-rays showed a longstanding spinal degenerative disc condition that was preexisting and not caused by the accident.

{¶ 8} Dr. Zaas also stated that Mrs. Uhlir has persistent swelling in both legs, as well as discoloration of both calves and ankles, due to a longstanding problem with circulation. He explained that this swelling was completely unrelated to the accident and could be the reason Mrs. Uhlir has difficulty walking.

{¶ 9} Mr. Uhlir also sought treatment from Dr. Brunello. He, like Mrs. Uhlir, had also received treatment from Dr. Brunello prior to the accident. Dr. Brunello began treating Mr. Uhlir for his knee pain approximately nine months prior to the accident. Along with massage treatments, Dr. Brunello had pre-scribed Vioxx for Mr. Uhlir's arthritic knees. According to Dr. Brunello, even if the accident had not occurred, he would have still continued treating Mr. Uhlir for his knee condition. In addition, between 1995 and 1999, Mr. Uhlir was treated by Dr. Brunello on 76 occasions for back pain.

{¶ 10} Mr. Uhlir also sought treatment from Dr. Zaas. Dr. Zaas reviewed the x-rays taken of Mr. Uhlir's knees the day after the accident. Dr. Zaas testified that both knees showed intercondylar spurring, narrowing of the medial compart-ment, and articular cartilage degeneration. He concluded that all of these conditions were preexisting and were not caused by the accident.

{¶ 11} Evidence was also presented that in 2003, Mr. Uhlir suffered twice from heart failure, necessitating the insertion of a pacemaker.

{¶ 12} The defendants' expert, Dr. Didomenico, testified that Dr. Brunello's medical records did not support the medical necessity of treating the Uhlirs for the length of time he did. He concluded that, based on the emergency room medical records, the Uhlirs were injured as a result of the accident and probably had "some" pain.

{¶ 13} However, he stated that Dr. Brunello's prolonged use of electric stimulation promotes chronic problems and fosters physician dependence.

{¶ 14} The Uhlirs testified that as a result of the injuries they sustained from the accident, they can no longer perform yard work or household chores, host family parties, or walk long distances.

{¶ 15} The jury awarded $4,749.60 for Mrs. Uhlir's medical damages and $4,076.80 for Mr. Uhlir's medical damages, which represented the exact amount of the Uhlirs' medical expenses. The jury awarded no damages for pain and suffering.

{¶ 16} The Uhlirs filed a motion for judgment notwithstanding the verdict, or in the alternative, a new trial or additur. Specifically, they asserted that the award was inadequate because it failed to award them anything for their pain and suffering. The trial court denied the motion.

{¶ 17} In their sole assigned error, the Uhlirs contend that the jury's awarding medical expenses without also awarding damages for pain and suffering is against the manifest weight of the evidence.

{¶ 18} "In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiffs' claim."[3]

{¶ 19} There is a split among Ohio courts whether damage awards for medical bills for injuries, without any award for pain and suffering, are against the manifest weight of the evidence. Some courts conclude that an award for medical damages without an award for pain and suffering automatically results in an award that is against the manifest weight of the evidence.[4] Other courts hold that when the testimony regarding pain and suffering is controverted, the award for medical damages without an award for pain and suffering is not against the manifest weight of the evidence.[5]

---

3. *Bailey v. Allberry* (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279.

4. *Elston v. Woodring* (Feb. 1, 2001), Defiance App. No. 4–2000–12, 2001 WL 91953; *Flanery v. Strong* (Nov. 30, 2000), 4th Dist. No. 00CA010, 2000 WL 1781892; *Boldt v. Kramer,*(May 14, 1999), Hamilton App. No. C–980235, 1999 WL 299888; *Krauss v. Daniels* (June 30, 1999), 6th Dist. No. WD–98–076, 1999 WL 435114; *Guckes v. Feusner* (Mar. 22, 1996), 3d Dist. No. 5–95–39, 1996 WL 165542.

5. *Croft v. State Farm Mut. Auto. Ins.*, 3d Dist. No. 1–01–72, 2002-Ohio-113, 2002 WL 18665; *Vieira v. Addison* (Aug. 27, 1999), 11th Dist. No. 98–L–054, 1999 WL 689932; *Baughman v. Krebs* (Dec. 10, 1998), Cuyahoga App. No. 73832, 1998 WL 855610; *Farkas v. Detar* (1998), 126 Ohio App.3d 795, 711 N.E.2d 703; *Mensch v. Fisher,* 11th Dist. No. 2002–P–0055, 2003-Ohio-5701, 2003 WL 22427880; *Haller v. Daily,* 2d Dist. No. 19420, 2003-Ohio-1941, 2003

{¶ 20} The Uhlirs cite this court's decisions of *Hardy v. Osborn* [6] and *Buford v. Goss*, [7] in which this court reversed verdicts awarding damages for medical expenses to an injured plaintiff without an accompanying award of damages for pain and suffering. We conclude that these cases are distinguishable from the instant case. *Buford* is distinguishable because it concerned a default judgment entered by the court and not a jury trial. *Hardy v. Osborn* is distinguishable because the pain and suffering in that case were uncontroverted.

{¶ 21} Moreover, in *Baughman v. Krebs*, [8] which postdates the above two opinions, this court held that "it does not follow that in a matter wherein a jury awards damages for medicals and lost wages * * * an award for pain and suffering must follow. Evidence relative to pain and suffering in damage evaluations is within the province of the fact-finder." We agree. Here, the jury may well have found that the Uhlirs' testimony about the extent of their pain and suffering was not credible. Although the Uhlirs and their children testified as to how the injuries that the Uhlirs suffered affected their lives, evidence was also introduced that indicated their pain and suffering could be unrelated to the accident.

{¶ 22} The Uhlirs had sought previous extensive treatment from Dr. Brunello for the same problems they claimed to have suffered after the accident. There was also evidence that the Uhlirs suffered from postaccident problems that could have affected their day-to-day functions. Mr. Uhlir suffered two heart failures in 2003, requiring the insertion of a pacemaker. Mrs. Uhlir has circulatory problems in her legs, which makes it difficult for her to walk.

{¶ 23} In addition, the evidence indicated that the Uhlirs did not go to the emergency room until the day after the accident. In fact, after the accident, they continued on their errand to the bank. There was no evidence that they were prescribed pain medication, and it was not until over a month after the accident that Mrs. Uhlir sought treatment from the chiropractor.

{¶ 24} Moreover, the testimony of Dr. Zaas indicated that the Uhlirs' injuries were related to degenerative conditions, which existed prior to the accident and were unrelated.

---

WL 1894540; *Werner v. McAbier,* (Jan. 13, 2000), Cuyahoga App. No. 75197, 75233, 2000 WL 23108; *Neal v. Blair* (June 10, 1999), 4th Dist. No. 98CA37, 1999 WL 378756.

6. *Hardy v. Osborn* (1988), 54 Ohio App.3d 98, 560 N.E.2d 783.

7. *Buford v. Goss* (Dec. 16, 1993), Cuyahoga App. No. 64473, 1993 WL 526831.

8. *Baughman v. Krebs* (Dec. 10, 1998), Cuyahoga App. No. 73832, 1998 WL 855610.

{¶ 25} Therefore, in the instant case, there is evidence in the record from which a reasonable jury could have concluded that any pain and suffering the Uhlirs experienced as the result of the accident was de minimis and that other pain and suffering they experienced was not related to the accident, but were due to prior existing conditions or arose after the accident, but were unrelated thereto.

{¶ 26} In addition, the Uhlirs failed to submit special interrogatories to the jury in order to test the factual basis for the verdict. Therefore, we are unable to ascertain the exact reason the jury chose not to award damages for pain and suffering. We conclude that the jury's damage awards were not against the manifest weight of the evidence. Accordingly, the Uhlirs' sole assigned error is overruled.

Judgment affirmed.

COONEY and CORRIGAN, JJ., concur.