DECISION.
{¶ 1} The plaintiffs-appellants, James and Alexandra Whiteside, appeal from the trial court's judgment awarding James Whiteside $34,000 for injuries that he suffered in a car accident caused by defendant-appellee Lewis Bennett in the course of his employment with defendant-appellee Roylan King d.b.a. King's Towing ("King").[1] For the following reasons, we reverse.
 {¶ 2} Pursuant to a referral by the trial court for compulsory arbitration, a panel of arbitrators originally awarded the Whitesides $70,000. Bennett and King appealed the arbitration award, and the case was subsequently tried before a jury on the issues of proximate cause and damages. The jury awarded damages for Mr. Whiteside's past pain and suffering ($5,500), medical expenses ($10,500), lost wages ($2,500), future medical expenses ($2,000) and the effect of the injury on Mr. Whiteside's ability or inability to perform usual activities ($13,500). The jury expressly awarded no damages for Mr. Whiteside's future pain and suffering.
 {¶ 3} In their first assignment of error, the Whitesides contend that the trial court erred by denying their motion, under Civ.R. 59(A)(6), for a new trial on the single issue of future pain and suffering, because the jury's award was against the manifest weight of the evidence. They argue that the jury ignored uncontroverted evidence that Mr. Whiteside would suffer future pain and suffering.
 {¶ 4} Whether to grant a new trial on the weight of the evidence is within the sound discretion of the trial court.[2] To set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim.[3]
 {¶ 5} Under App.R. 12(D), a reviewing court may order a retrial of only those specific issues, claims, or defenses from the original trial that resulted in error.[4] This is so because error as to one issue need not attach to others, and issues tried without error must be allowed to stand.[5]
 {¶ 6} Here, the evidence was undisputed that Mr. Whiteside would continue to suffer some degree of pain as a result of the accident. His physical injuries from the accident included costochondritis, which involved pain in the lower rib cage where the "ribs join into the sternum at the cartilage" and sternomanubrial dislocation, which caused a physical deformity in Mr. Whiteside's chest wall.
 {¶ 7} Dr. John Wolf, M.D., on behalf of the defense, examined Mr. Whiteside and reviewed his medical records. He testified that although Mr. Whiteside's injuries may have healed, he would continue to suffer from arthritic pain in the future in those areas where he had been injured. Dr. Wolf testified that Mr. Whiteside had developed arthritis as a result of the injuries he had suffered from the car accident. Dr. Wolf also testified that he would prescribe over-the-counter anti-inflammatory medications on an as-needed basis to alleviate the pain. Elizabeth Woolford, M.D., Mr. Whiteside's personal physician, testified that Mr. Whiteside would continue to suffer pain in the future. She prescribed acupuncture and chiropractic treatments to help with pain management. Additionally, Robert Hiltz, M.D., another physician that Mr. Whiteside had been seeing for pain management, testified that Mr. Whiteside's injuries were permanent, and he prescribed physical therapy, a muscle relaxer, and acetaminophen. Finally, Mr. Whiteside testified that although the accident had occurred in September 2002, he continued to suffer from pain several years later.
 {¶ 8} Based on the foregoing, we hold that the trial court abused its discretion by not granting a new trial on the issue of Mr. Whiteside's damages for future pain and suffering, as clearly the award of no damages was contrary to the manifest weight of the evidence.[6] All three doctors, including the doctor retained by the defense, testified that Mr. Whiteside would continue to suffer some pain in the future, regardless of whether it could be controlled by over-the-counter medications. Accordingly, the trial court should have granted the Whitesides' motion for a new trial on the issue of damages for future pain and suffering. The first assignment of error is sustained.
 {¶ 9} In their second assignment of error, the Whitesides contend that the trial court erred in denying their motion for a judgment notwithstanding the verdict on the issue of pain and suffering. In their third assignment of error, the Whitesides contend that the jury's verdict was against the manifest weight of the evidence. Under both of these assignments of error, the Whitesides only address the issue of damages for future pain and suffering. Because we have already dealt with that issue in the first assignment of error, the remaining assignments of error are moot.
 {¶ 10} Accordingly, we reverse the judgment of the trial court in part and remand this case for a hearing on the issue of damages with respect to Mr. Whiteside's future pain and suffering. With respect to the damages actually awarded by the jury, the judgment is affirmed.
Judgment reversed in part and cause remanded.
Hildebrandt, P.J., Doan and Hendon, JJ.
[1] Alexandra Whiteside was awarded $1000 on her loss-of-consortium claim.
[2] Yungwirth v. McAvoy (1972), 32 Ohio St.2d 285, 286,291 N.E.2d 739.
[3] Bailey v. Allberry (1993), 88 Ohio App.3d 432, 435,624 N.E.2d 279.
[4] Mast v. Doctor's Hospital North (1976),46 Ohio St.2d 539, 541, 350 N.E.2d 429.
[5] Id.; see, also, Trauth v. Dunbar (1983), 5 Ohio St.3d 68,70, 448 N.E.2d 1368.
[6] See Scott v. Condo (May 3, 2002), 1st Dist. No. C-010123.