[Cite as *Weber v. Kinnen*, 2011-Ohio-6718.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GREGORY WEBER, | : | APPEAL NO. C-100801 |
| | | TRIAL NO. A-0705980 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SHEILA M. KINNEN, | : | |
| | | |
| Defendant-Appellant, | : | |
| | | |
| and | : | |
| | | |
| PETER KINNEN | : | |
| | | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 28, 2011

*McCaslin, Imbus & McCaslin, Thomas J. Gruber*, and *Michael P. Cussen*, for
Plaintiff-Appellee,

*Taliaferro & Eynon, LLC*, and *Ernest A. Eynon II*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Sheila Kinnen appeals from the order of the Hamilton County Court of Common Pleas granting plaintiff-appellee Gregory Weber's motion for a new trial. Because the trial court abused its discretion in granting a new trial, we reverse.

### Facts & Procedural History

{¶2} On July 7, 2005, Gregory Weber was stopped at a traffic light when his sports-utility vehicle was struck from behind by a car driven by Sheila Kinnen. Weber filed suit against Kinnen, and at trial, he claimed that due to her negligence, he had incurred more than $40,000 in medical expenses and more than $200,000 in lost wages and benefits. He further sought noneconomic damages for pain and suffering and loss of enjoyment of life.[1]

{¶3} Kinnen conceded that she had negligently struck Weber's vehicle. Nevertheless, she maintained that her negligence was not the proximate cause of the damages he alleged. Kinnen primarily relied on the fact that at the time of the accident, Weber was recovering from similar injuries that he had sustained on December 23, 2004, when his vehicle had been rear-ended by a pickup truck.

{¶4} In the months following the December 2004 accident, Weber was unable to perform his job as a commercial pilot due to pain, muscle spasms, limited mobility, and prescription medication. He visited a neurologist on several occasions and attended 40 physical therapy sessions from January until May. Weber was still experiencing some pain in June, but his neurologist estimated that his treatment would conclude by September.

---

[1] Weber also sued Peter Kinnen for negligently entrusting his vehicle to the defendant-appellant on the day of the accident. This claim was later dismissed with prejudice.

{¶5}   According to Weber, however, his recovery was significantly delayed by the July 2005 accident with Kinnen. He reported more pain after the accident, and in August, he began seeing his neurologist and physical therapist again. Dr. Luis Pagani testified that after the accident, Weber experienced more pain and more spasms. He also indicated that Weber's pain had spread from the left side of his body to the right. Weber did not return to work until January 2007.

{¶6}   In her defense, Kinnen downplayed the severity of the accident. She testified that she had come to a complete stop behind Weber before her foot had slipped off of the brake pedal while she rummaged through a bag. This had caused her car to roll forward into Weber's vehicle. After the impact, Weber had approached Kinnen to ask whether she and her daughters were okay. He also had refused medical treatment at the scene, although he had visited the emergency room later that afternoon.

{¶7}   Moreover, Dr. Steven Wunder testified that it was "impossible" to say whether Weber was injured in the July 2005 accident. He conceded, however, that Weber "could have exacerbated a prior condition, but if he did, that was a minor type of strain, muscle strain, not anything significant." Dr. Wunder further stated that he did not believe that Weber's daily activities would have been restricted by the accident for more than 24 hours.

{¶8}   The jury initially awarded Weber $5,670 for medical expenses, $24,295 for lost wages and benefits, and no damages for pain and suffering and loss of enjoyment of life. The court then instructed the jury to award at least some amount for pain and suffering because they had awarded Weber damages for economic loss. The jury resumed their deliberations, and returned minutes later to award Weber an additional $10 for pain and suffering. On Weber's motion, the court granted a new trial.

### Analysis

{¶9}    In her single assignment of error, Kinnen argues that the trial court erred in granting a new trial.  We agree.

{¶10}    Civ.R. 59(A) establishes the grounds on which a court may grant a new trial.  *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201, ¶22.  The rule provides that a court may grant a new trial "to all or any of the parties and on all or part of the issues" on several different grounds, including "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice," and when "(6) The judgment is not sustained by the weight of the evidence."

{¶11}    In granting a new trial, a court must "specify in writing the grounds upon which such new trial is granted."  Civ.R. 59(A).  These reasons establish the scope of our appellate review.  *McCarthy v. Sterling Chems., Inc.*, 193 Ohio App.3d 164, 2011-Ohio-887, 951 N.E.2d 441, ¶17, citing *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 218, 280 N.E.2d 896; *Antal v. Olde Worlde Prods., Inc.* (1984), 9 Ohio St.3d 144, 146, 459 N.E.2d 223 ("Review by this court is ordinarily limited to the reasons specified in the trial court's order.").

{¶12}    Here the trial court decided to grant a new trial because the jury's $10 award for pain and suffering was "inadequate in the face of $5,600 in medical damages."  Although the court cited only Civ.R. 59(A)(4) to support its decision, the granting of a new trial for inadequate damages also implicates Civ.R. 59(A)(6).  Thus, we shall review the court's order in light of both provisions.

### Standard of Review

{¶13}    Whether to grant or deny a motion for a new trial under Civ.R. 59(A)(4) and (6) is an issue committed to the sound discretion of the trial court.  See, e.g., *Miller*

*v. Lindsay-Green, Inc.*, 10th Dist. No. 04AP-848, 2005-Ohio-6366, ¶75; *Siuda v. Howard*, 1st Dist. Nos. C-000656 and C-000867, 2002-Ohio-2292, ¶49. "Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court." *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 262 N.E.2d 685, paragraph one of the syllabus. As always, an abuse of discretion implies that the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

### *Inadequate Damages Due to Passion or Prejudice*

{¶14}   Under Civ.R. 59(A)(4), a court may grant a new trial when the damages awarded are (1) either excessive or inadequate, and (2) appear to have been given under the influence of passion or prejudice.

{¶15}   In assessing whether a new trial is proper under this provision, "a reviewing court should consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel, or other improper conduct which can be said to have influenced the jury." *Berge v. Columbus Community Cable Access* (1999), 136 Ohio App.3d 281, 317, 736 N.E.2d 517, citing *Dillon v. Bundy* (1991), 72 Ohio App.3d 767, 773, 596 N.E.2d 500. "The amount of the verdict alone will not sustain a finding of passion or prejudice. There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." *Shoemaker v. Crawford* (1991), 78 Ohio App.3d 53, 603 N.E.2d 1114.

{¶16}   In this case, the trial court relied exclusively on the amount of the jury's award for pain and suffering in light of the amount of its award for medical expenses. Neither the court nor the parties, however, have pointed to anything in the record to

show that the jury was swayed by improper sentiment. That the jury initially awarded Weber nothing for his pain and suffering does not change this fact. Without more, we can only conclude that the trial court abused its discretion in granting a new trial under Civ.R. 59(A)(4).

### *Weight of the Evidence*

{¶17}   We next turn to Civ.R. 59(A)(6). This provision allows a court to grant a new trial when a judgment is not supported by the weight of the evidence. In granting a new trial for this reason, a court must "weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." *Lally v. Thresiamma*, 1st Dist. No. C-100602, 2011-Ohio-3681, ¶6, quoting *Rohde*, 23 Ohio St.2d 82, 262 N.E.2d 685, at paragraph three of the syllabus. "The trial court may not set aside the jury's verdict under [Civ.R. 59(A)(6)] due to a 'mere difference of opinion'; rather the relief should be granted only when the trial court is persuaded that there is insufficient credible evidence to sustain the verdict in light of the other evidence presented." *Green v. Bailey*, 1st Dist. No. C-070221, 2008-Ohio-3569, ¶13, quoting *Rohde*, 23 Ohio St.2d, 262 N.E.2d 685 at 92. After all, the "assessment of damages is a matter within the province of the jury." *Weidner v. Blazic* (1994), 98 Ohio App.3d 321, 334, 648 N.E.2d 565.

{¶18}   "In order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to

include all the items of damage making up the plaintiff's claim." *Ross v. Smith*, 1st Dist. No. C-030301, 2003-Ohio-7147, ¶5, quoting *Bailey v. Allberry* (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279 (emphasis omitted).

**{¶19}** Having reviewed the evidence presented at trial, we cannot say that the jury's award was so gross as to shock our sense of justice and fairness. See, e.g., *Iames v. Murphy* (1995), 106 Ohio App.3d 627, 632, 666 N.E.2d 1147. Nor can we say that the award was apparently due to the jury's failure to include all the items of damage making up Weber's claim. See *Drehmer v. Fylak*, 163 Ohio App.3d 248, 2005-Ohio-4732, 837 N.E.2d 802, ¶14 (holding that the jury did not fail to include an award for pain and suffering by affirmatively rejecting such an award with a "$0" response to an interrogatory). Finally, we turn to whether the jury's award can be reconciled with the undisputed evidence in the case.

**{¶20}** This court has held that the trial court abused its discretion in denying a new trial under Civ.R. 59(A)(6) where the jury awarded damages for medical expenses, but not pain and suffering, in *Boldt v. Kramer* (May 14, 1999), 1st Dist. No. C-980235, *Scott v. Condo*, 1st Dist. No. C-010123, 2002-Ohio-2148, and *Whiteside v. Bennett*, 1st Dist. No. C-050605, 2006-Ohio-3600.

**{¶21}** In *Boldt v. Kramer*, the jury awarded damages to Darlene Boldt in the amount of her emergency-room bill following a traffic accident with Jeanette Kramer, but no damages for pain and suffering. Boldt moved for a new trial, noting that "the undisputed evidence showed that she had incurred at least some pain and suffering immediately following the accident and in the emergency room." The trial court denied the motion, and we reversed, holding that "under the facts of this case, where the jury awarded the amount of emergency-room medical expenses as damages, it was required to award Darlene Boldt an amount for pain and suffering

7

for the time immediately following the accident, including the time spent in the emergency room."

{¶22} Unlike Darlene Boldt, Sandra Scott was awarded over $20,000 in *Scott v. Condo* for past medical expenses, past pain and suffering, past inability to perform usual activities, and lost wages following a traffic accident. However, the jury expressly awarded nothing for future pain and suffering and future inability to perform usual activities, even though "the evidence was undisputed that Sandra Scott would continue to suffer some degree of pain as a result of the accident and some degree of physical limitation." *Scott* at ¶6. We, therefore, held that the trial court had abused its discretion in denying Scott's motion for a new trial on these issues.

{¶23} Similarly, in *Whiteside v. Bennett* the jury awarded James Whiteside past medical expenses, past pain and suffering, lost wages, and future medical expenses, but no damages for future pain and suffering. Observing that "the evidence was undisputed that . . . Whiteside would continue to suffer some degree of pain as a result of the accident," we held that the trial court abused its discretion in not granting a new trial under Civ.R. 59(A)(6). *Whiteside*, supra, at ¶6 and ¶8.

{¶24} In each case, the jury had failed to award damages for the plaintiff's pain and suffering despite undisputed evidence to the contrary. But it does not follow that when the evidence of pain and suffering is disputed, the jury must award some damages for pain and suffering, even when it awards damages for medical expenses. See *Ross v. Smith*, 1st Dist. No. C-030301, 2003-Ohio-7147 (affirming the denial of a new-trial motion where the jury awarded $50 for medical expenses, but nothing for pain and suffering).

{¶25} Here, whether the July 2005 accident caused Weber's pain and suffering was disputed at trial. Kinnen testified that the accident had occurred at a low

rate of speed and that Weber immediately had exited his vehicle to see if she and her daughters were okay. Weber admitted that the injuries he had allegedly sustained in the July 2005 accident were similar to the injuries caused by the December 2004 accident. And finally, Dr. Wunder testified that it was "impossible" to say that Weber had suffered any new injury in his accident with Kinnen.

{¶26} We recognize that in reviewing a trial court's decision to grant a new trial, we must "view the evidence favorably to the trial court's action rather than to the original jury's verdict." *Rohde*, 23 Ohio St.2d, 262 N.E.2d 685 at 94. Nevertheless, there was clearly sufficient credible evidence in this case to support the jury's verdict. We, therefore, hold that the trial court acted unreasonably in granting a new trial for inadequate damages under Civ.R. 59(A)(6).

### Conclusion

{¶27} Because the trial court abused its discretion in granting a new trial under Civ.R. 59(A)(4) and (6), we sustain Kinnen's single assignment of error. We reverse the judgment of the trial court and remand this cause for the entry of final judgment for Weber in accordance with the jury's verdict.

Judgment reversed and cause remanded.

**SUNDERMANN, P.J.,** concurs.
**CUNNINGHAM, J.,** dissents.

**CUNNINGHAM, J.,** dissenting.

{¶28} I respectfully dissent. As the majority correctly observes, the decision to grant a new trial in this case was committed to the sound discretion of the trial court. We may, therefore, reverse "only upon a showing of an abuse of discretion by the trial court." *Rohde*, 23 Ohio St.2d 82, 262 N.E.2d 685, at paragraph one of the syllabus.

**{¶29}** Viewing "the evidence favorably to the trial court's action rather than to the jury's verdict," as required by *Rohde*, I must disagree with the majority. I cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in granting a new trial for inadequate damages, particularly given the nominal pain-and-suffering damages awarded by the jury.

**{¶30}** For this reason, I would affirm the judgment of the trial court.

Please note:

The court has recorded its own entry this date.