[Cite as *Berardo v. Felderman-Swearingen*, 2020-Ohio-4271.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LUIGI BERARDO, | : | APPEAL NO. C-200227 |
| | | TRIAL NO. A-1706896 |
| and | : | |
| TINA BERARDO, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| DEVIN Q. FELDERMAN-SWEARINGEN, | : | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 31, 2020

*Dennis C. Mahoney* and *Amanda L Patton*, for Plaintiffs-Appellants,

*Jamey T. Pregon*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}     Luigi and Tina Berardo appeal the judgment of the Hamilton County Court of Common Pleas denying their motion for a new trial.  Because the trial court abused its discretion by denying the motion for a new trial with respect to Tina Berardo's past noneconomic damages, we reverse the trial court's judgment in part and remand for a new trial on that issue.

### I. Procedural History

{¶2}     The Berardos filed a complaint seeking damages for injuries they sustained in an accident when a car driven by Devin Q. Felderman-Swearingen collided with their car.  Following a trial, the jury rendered verdicts in favor of both of the Berardos against Felderman-Swearingen.  The jury awarded Luigi Berardo damages in the amount of $23,677: $19,677 for past economic damages (specifically past medical expenses) and $4,000 for past noneconomic damages (pain and suffering).[1]  The jury awarded $0 to Luigi Berardo for future noneconomic damages.  The jury awarded Tina Berardo damages in the amount of $9,853, all of which was for past economic damages (specifically past medical expenses).  The jury awarded Tina Berardo $0 for past noneconomic damages and $0 for future noneconomic damages.

{¶3}     The Berardos filed a motion for a new trial pursuant to Civ.R. 59(A)(4), (6), and (7).  They asserted that the jury's awards of $4,000 to Luigi Berardo and $0 to Tina Berardo for past noneconomic damages and the award of $0 to Luigi Berardo for future noneconomic damages were inadequate, were not

---

[1] "Noneconomic loss" means "nonpecuniary harm that results from an injury or loss to person or property that is a subject of a tort action, including, but not limited to, pain and suffering, loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training or education, disfigurement, mental anguish, and any other intangible loss."  R.C. 2315.18.  In this case, the only claimed noneconomic loss was for pain and suffering, so we use the terms "noneconomic" and "pain and suffering" interchangeably in this opinion.

supported by the evidence, and were contrary to law. The trial court denied the motion.

{¶4} We dismissed the Berardos' first appeal from that judgment for lack of jurisdiction. *See Berardo v. Felderman-Swearingen*, 1st Dist. Hamilton No. C-190515, 2020-Ohio-3098, ¶ 18. Thereafter, the trial court placed of record an order that entered judgment on the Berardos' claims against Felderman-Swearingen and certified that, pursuant to Civ.R. 54(B), there is no just reason for delay. This appeal followed.

## II. Motion for a New Trial

{¶5} In a single assignment of error, the Berardos argue that the trial court erred by denying their motion for a new trial. They argue that their motion for a new trial should have been granted on the grounds set forth in Civ.R.59(A)(4), (6), and (7).

{¶6} Civ.R. 59(A) provides in relevant part:

A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

* * *

(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;

* * *

(6) The judgment is not sustained by the weight of the evidence[;]

(7) The judgment is contrary to law[.]

{¶7} The standard of review of a trial court's ruling on a Civ.R. 59(A) motion for a new trial depends on the grounds for the motion. *Harrison v. Horizon Women's Healthcare, LLC,* 2d Dist. Montgomery No. 28154, 2019-Ohio-3528, ¶ 11.

We review a trial court's decision granting or denying a motion for a new trial under Civ.R. 59(A)(4) and (6) for an abuse of discretion. *See Weber v. Kinnen*, 1st Dist. Hamilton No. C-100801, 2011-Ohio-6718, ¶ 13. When reviewing the grant or denial of a motion for a new trial based upon Civ.R. 59(A)(7), we must decide whether the trial court erred as a matter of law. *Riedel v. Akron Gen. Health Sys.*, 2018-Ohio-840, 97 N.E.3d 508, ¶ 13 (8th Dist). We review a trial court's ruling on a motion brought under Civ.R. 59(A)(7) de novo. *Hoke v. Miami Valley Hosp.*, 2d Dist. Montgomery No. 28462, 2020-Ohio-3387, ¶ 29.

{¶8} The Berardos argue that the trial court erred by denying their motion for a new trial because the evidence of their pain and suffering was undisputed at trial, the defendant's medical expert "agreed with [their] injuries," and defense counsel in closing argument "conceded specific pain and suffering numbers to the jury." They point to defense counsel's suggestion to the jury of awards of $4,000 to $9,000 for past pain and suffering for Tina Berardo, and awards for Luigi Berardo of $15,000 to $20,000 for past pain and suffering, and $5,000 for future pain and suffering for him. The Berardos assert that the jury's award of $4,000 to Luigi Berardo for past pain and suffering, without any award for his future pain and suffering, and the award of zero dollars for Tina Berardo's past pain and suffering were inadequate, against the weight of the evidence, and contrary to law.

### A. Closing Arguments

{¶9} We begin with the Berardos' assertion that the suggestions of award amounts by defense counsel in closing argument amounted to concessions by the defense that the evidence of pain and suffering was undisputed. It is well established that closing arguments are not evidence upon which a jury can rely. *Harrod v. USAA Ins. Co.*, 2019-Ohio-2748, 140 N.E.3d 184, ¶ 42 (2d Dist.). Although "[t]he

arguments or statements of counsel may be considered judicial admissions in certain instances," *Scatamacchio v. W. Res. Healthcare*, 161 Ohio App.3d 230, 2005-Ohio-2690, 829 N.E.2d 1247, ¶ 46 (7th Dist.), citing *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 262 N.E.2d 703 (1970), counsel's statements will not rise to the level of a judicial admission where "there is no indication that the statement was intended to dispense with formal proof of material facts for which witnesses would otherwise be called at trial." *Holeski v. Lawrence*, 85 Ohio App.3d 824, 621 N.E.2d 802 (11th Dist.1993). To constitute a judicial admission, counsel's statements must be "distinct and unequivocal, and be, by intention, an act of waiver relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose." *Shepler v. Love,* 6th Dist. Huron No. H-00-022, 2001 WL 1104811, *3 (Sept. 14, 2001), quoting *Carl & Gene Towing Serv., Inc. v. Shortway Lines*, 6th Dist. Lucas No. L-81-265, 1982 WL 6322, *2 (Mar. 26, 1982).

{¶10} Here, defense counsel told the jury that its job was to decide the value of the Berardos' claims and asked the jury to be reasonable in its awards. Defense counsel's suggestion of potential amounts for pain-and-suffering awards did not constitute judicial admissions because there was no indication that the remarks were intended to waive the Berardos' burden of proof with respect to damages. *See Padden v. Herron*, 11th Dist. Lake No. 97-L-23, 1998 WL 964545, *5 (Dec. 24, 1998); *see also Phoenix Lighting Group LLC v. Genlyte Thomas Group LLC*, 9th Dist. Summit No. 28082, 2018-Ohio-2393, ¶ 64, *rev'd on other grounds*, Slip Opinion No. 2020-Ohio-1056. We reject the Berardos' assertion that the suggestions of award amounts by defense counsel in closing argument amounted to concessions by the defense that the evidence of pain and suffering was undisputed.

### B. Inadequate Damages Due to Passion or Prejudice

{¶11}  A court may grant a new trial under Civ.R. 59(A)(4) when the damages awarded (1) are either excessive or inadequate and (2) appear to have been given under the influence of passion or prejudice.  *Weber*, 1st Dist. Hamilton No. C-100801, 2011-Ohio-6718, at ¶ 14.  Both criteria must be met.  "The amount of the verdict alone will not sustain a finding of passion or prejudice.  There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury."  *Id.* at ¶ 15, quoting *Shoemaker v. Crawford*, 78 Ohio App.3d 53, 65, 603 N.E.2d 1114 (10th Dist.1991).

{¶12}  Here, the Berardos argue only the first component of the test under Civ.R. 59(A)(4):  they assert that the jury's award was inadequate because the "undisputed evidence" at trial showed that they experienced pain and suffering. (They reiterate this argument in relation to Civ.R. 59(A)(6) and (A)(7), as addressed below).  However, they do not point to anything in the record, or even argue, that the jury's award was the product of either passion or prejudice.  The trial court did not abuse its discretion by denying the Berardos' motion for a new trial under Civ.R. 59(A)(4).

### C. Weight of the Evidence

{¶13}  A trial court may grant a new trial pursuant to Civ.R 59(A)(6) when a judgment is not supported by the weight of the evidence.  The trial court must weigh the evidence and credibility of the witnesses, not "in the substantially unlimited sense" that a jury does, but "in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence."  *Lally v. Mukkada*, 1st Dist. Hamilton No. C-100602, 2011-Ohio-3681, ¶ 6, quoting *Rohde v. Farmer*, 23 Ohio St.2d 82, 92, 262

N.E.2d 685 (1970), paragraph three of the syllabus. "[T]he relief should be granted only when the trial court is persuaded that there is insufficient credible evidence to sustain the verdict in light of the other evidence presented." *Green v. Bailey*, 1st Dist. Hamilton No. C-070221, 2008-Ohio-3569, ¶ 13, citing *Rohde* at 92.

{¶14} "There is a split among Ohio courts whether damage awards for medical bills for injuries, without any award for pain and suffering, are against the manifest weight of the evidence." *Dailey v. Masonbrink*, 3d Dist. Auglaize No. 2-15-02, 2015-Ohio-2207, ¶ 21, quoting *Uhlir v. State Farm Ins. Co.*, 164 Ohio App.3d 71, 2005-Ohio-5545, 841 N.E.2d 344, ¶ 19 (8th Dist.). Some courts have found that such awards are automatically against the manifest weight of the evidence. *Id.*; *Krauss v. Daniels*, 6th Dist. Wood No. WD-98-076, 1999 WL 435114, *3 (June 30, 1999).

{¶15} This court has held that where evidence of pain and suffering is disputed, a jury is not required to award damages for pain and suffering even when it awards damages for medical expenses. *Weber*, 1st Dist. Hamilton No. C-100801, 2011-Ohio-6718 (reversing the granting of a new-trial motion where jury awarded medical expenses, but only $10 for pain and suffering); *Ross*, 1st Dist. Hamilton No. C-030301, 2003-Ohio-7147 (affirming the denial of a Civ.R. 59(A)(6) new-trial motion where the jury awarded $50 for medical expenses, but nothing for pain and suffering). Other districts follow this approach. *See Haller v. Daily*, 2d Dist. Montgomery No. 19420, 2003-Ohio-1941; *Herceg v. Lifson*, 4th Dist. Washington No. 18CA17, 2019-Ohio-4072; *Lytle v. Pukys*, 5th Dist. Stark No. 2014 CA 00115, 2015-Ohio-1354; *Burris v. Burnworth*, 7th Dist. Jefferson No. 06 JE 52, 2007-Ohio-4619; *Uhlir*; *Mensch v. Fisher*, 11th Dist. Portage No. 2002-P-0055, 2003-Ohio-5701.

{¶16} However, we have held that the trial court abused its discretion in denying a new trial under Civ.R. 59(A)(6) where the jury awarded damages for medical expenses but not for pain and suffering despite undisputed evidence that the

7

plaintiff experienced pain and suffering. *See Whiteside v. Bennett*, 1st Dist. Hamilton No. C-050605, 2006-Ohio-3600; *Scott v. Condo*, 1st Dist. Hamilton No. C-010123, 2002-Ohio-2148; *Boldt v. Kramer*, 1st Dist. Hamilton No. C-980235, 1999 WL 299888 (May 14, 1999). Where there is uncontroverted evidence of pain and suffering, an award of medical expenses without an award for pain and suffering is against the manifest weight of the evidence. *See Johnson v. Burris*, 5th Dist. Guernsey No. 14 CA 12, 2015-Ohio-260; *Farkas v. Detar*, 126 Ohio App.3d 795, 711 N.E.2d 703 (9th Dist.1998); *Cooper v. Moran*, 11th Dist. Lake No. 2010-L-141, 2011-Ohio-6847; *Kubilis v. Owens*, 12th Dist. Butler No. CA2007-03-065, 2008-Ohio-3728.

{¶17} We therefore must determine in this case whether there was disputed or undisputed evidence of pain and suffering.

### 1. Luigi Berardo

{¶18} On appeal, the Berardos assert that the jury's award of $4,000 to Luigi Berardo for past pain and suffering and $0 for future pain and suffering was against the weight of the evidence.

{¶19} At trial, the Berardos presented evidence that as a result of the December 2015 accident with Felderman-Swearingen, Mr. Berardo suffered a torn rotator cuff in his shoulder that required surgery and that he was treated by a chiropractor for back and neck sprain/strain. Mr. Berardo testified that for at least four months after the surgery, he was in such pain that he had to sleep in a recliner and had to rely on his wife for the simplest of tasks. He said that his constant shoulder pain went away over time and that within about six months, he was able to return to work and play golf several times a week. He testified that he operated a meat market and catering business where he worked 12-hour days and his duties

included lifting beef and produce, and sometimes a grill. In addition, Mr. Berardo testified that since the accident, he had traveled to Florida and to the Grand Canyon, and had taken two trips to Italy.

{¶20} Mr. Berardo acknowledged that he neglected to tell his chiropractor, William Slater, D.C., that he had back problems prior to the accident. Mr. Berardo testified that Dr. Slater had not told him he would need chiropractic treatment in the future.

{¶21} Dr. Slater testified that Mr. Berardo's back and neck sprain/strain had been caused by the accident. He testified that whether the accident had caused new injuries or had aggravated preexisting degenerative conditions, his treatment of Mr. Berardo would have been the same.

{¶22} Joseph Thomas, M.D., testified that he performed surgery to repair Mr. Berardo's torn rotator cuff and that Mr. Berardo had recovered well by June 2016. Dr. Thomas testified that Mr. Berardo had not given him an accurate history in that Mr. Berardo did not relay that he had a prior shoulder injury that he sustained in a December 2013 fall, two years before the accident in this case. Dr. Thomas noted that Mr. Berardo's treatment for the prior shoulder injury had ended in August 2014. He testified that while the 2013 incident may have caused some injury to Mr. Berardo's rotator cuff, the tear in the rotator cuff was causally related to the accident in this case. Dr. Thomas testified that he would not say within a reasonable degree of medical certainty that Mr. Berardo would suffer shoulder pain in the future as a result of the injury.

{¶23} The defense medical expert, Thomas Bender, M.D., testified that he examined Mr. Berardo and reviewed his relevant medical records. In his opinion, Mr. Berardo's rotator-cuff tear was causally related to the accident. He opined that Mr. Berardo had recovered well, such that he would need no further medical treatment for his shoulder. When asked about Mr. Berardo's neck and back

strain/sprain, Dr. Bender testified that soft-tissue injuries typically resolve within four months of injury.

{¶24} Having reviewed the record, we cannot say that the jury's award of $4,000 for Mr. Berardo's past pain and suffering and $0 for future pain and suffering was against the manifest weight of the evidence. With respect to past pain and suffering, the jury heard evidence that Mr. Berardo had recovered well from his injuries in the accident and that he had previously been treated for back and shoulder problems. With respect to future pain and suffering, the jury heard evidence that Mr. Berardo was playing golf, traveling, and working, and his surgeon could not give an opinion as to his future pain and suffering. The assessment of damages was for the jury, *see Weber*, 1st Dist. Hamilton No. C-100801, 2011-Ohio-6718, at ¶ 17, as was credibility of the witnesses.

{¶25} We hold that there was sufficient credible evidence supporting the jury's verdict as to Mr. Berardo and that, therefore, the trial court did not abuse its discretion in denying a new trial for inadequate damages under Civ.R. 59(A)(6) with respect to Mr. Berardo.

### 2. Tina Berardo

{¶26} The Berardos also assert that the jury's award of $0 to Tina Berardo for past pain and suffering was against the weight of the evidence.

{¶27} At trial, the Berardos presented evidence that the morning after the accident with Felderman-Swearingen, Mrs. Berardo had numbness in her neck, shoulder, arm, and hand. Mrs. Berardo testified that she was limping because she had bad bruising on one of her legs. She testified that she resisted getting medical care for almost two weeks, explaining, "I hate hospitals and I hate doctors. * * * I won't go unless I can't walk, can't talk, can't breathe."

{¶28} Mrs. Berardo went to Stephen Dailey, M.D., who diagnosed her with cervical sprain/strain and lumbosacral sprain/strain. An MRI of her left shoulder revealed some mild arthritis and some rotator cuff tendinosis. An MRI of Mrs. Berardo's cervical spine revealed multilevel degenerative changing, including changes at the C6/C7 disc bulge. Dr. Dailey testified that Mrs. Berardo responded well to physical therapy and to injections in her shoulder. In his opinion, Mrs. Berardo's injuries were causally related to the accident. With respect to her pre-existing degenerative conditions, Dr. Dailey said it was possible that the accident accelerated the process, but he could not be sure.

{¶29} Dr. Bender, the defense medical expert, examined Mrs. Berardo and reviewed her medical records. He described the symptoms that Mrs. Berardo presented to Dr. Dailey as "neck and radiating left arm pain, back and radiating left leg pain." According to Dr. Bender, the MRI imaging revealed substantial pre-existing degenerative changes that were unassociated with the accident. Dr. Bender testified that Mrs. Berardo sustained a spinal sprain/strain and a left shoulder sprain/strain that was casually related to the accident, that she required the medical treatment that she received, and that her pain symptoms went away. In Dr. Bender's opinion, Mrs. Berardo "experienced a temporary subjectively increased amount of symptoms" that resolved. In other words, Mrs. Berardo experienced pain from which she recovered.

{¶30} Because there was uncontroverted evidence that Mrs. Berardo experienced pain and suffering as a result of the injuries sustained in the accident, the jury's award of medical expenses without any award for past pain and suffering was against the manifest weight of the evidence. *See Whiteside*, 1st Dist. Hamilton No. C-050605, 2006-Ohio-3600; *Scott*, 1st Dist. Hamilton No. C-010123, 2002-Ohio-2148; *Boldt*, 1st Dist. Hamilton No. C-980235, 1999 WL 299888. Therefore,

we hold that the trial court abused its discretion by denying a new trial for inadequate damages under Civ.R. 59(A)(6) with respect to Mrs. Berardo.

### D. Contrary to Law

{¶31} A trial court may grant a new trial under Civ.R. 59(A)(7) if the judgment is contrary to law. The Berardos argue that the judgment awarding low noneconomic damages to Mr. Berardo and zero noneconomic damages to Mrs. Berardo is contrary to the law, "which states that where a plaintiff is injured by the negligence of another then the plaintiff is to be compensated for said damages." They cite no authority for this proposition. As we stated in *Weber*, "it does not follow that when evidence of pain and suffering is disputed, the jury must award some damages for pain and suffering, even when it awards damages for medical expenses." *Weber*, 1st Dist. Hamilton No. C-100801, 2011-Ohio-6718, at ¶ 24.

{¶32} We have already determined that the judgment was against the manifest weight of the evidence with respect to the jury's $0 award to Mrs. Berardo for past pain and suffering, and that the judgment was not against the weight of the evidence with respect to Mr. Berardo. Accordingly, the judgment was not contrary to law under Civ.R. 59(A)(7). The sole assignment of error is sustained in part and overruled in part.

### III. Conclusion

{¶33} Accordingly, we hold that the trial court did not abuse its discretion by denying the motion for a new trial under Civ.R. 59(A)(4) because the Berardos pointed to nothing in the record to show that the jury's award was the product of passion or prejudice. We further hold that the trial court did not err by denying the motion for a new trial under Civ.R. 59(A)(7) because its judgment was not contrary

to law.  In addition, we hold that the trial court did not abuse its discretion by denying a new trial under Civ.R. 59(A)(6) with respect to Mr. Berardo because sufficient credible evidence supported the jury's verdict.  However, we hold that the trial court abused its discretion by denying a new trial under Civ.R. 59(A)(6) with respect to Mrs. Berardo because, where there was uncontroverted evidence that she experienced pain and suffering as a result of the injuries sustained in the accident, the jury's award of medical expenses without an award for pain and suffering was against the manifest weight of the evidence.  Consequently, we reverse the trial court's judgment in part and remand this cause for a new trial on the issue of damages with respect to Mrs. Berardo's past pain and suffering.   We affirm the judgment in all other respects.

Judgment accordingly.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.